Kirkpatrick C. J.
This was an ejectment for lands in Hunterdon. It was submitted to referees, to determine the matters in controversy between the parties, and also to ascertain and settle the true line of division between their respective plantations. Upon the coming in of their report, it appears that they have found the defendant guilty of the trespass and ejectment in the plaintiff’s declaration contained, and also that they have settled the line of division between their respective plantations; but they have given to the plaintiffs neither damages nor costs. And *the question is, whether upon this report the plaintiff is entitled to costs.
It is universally admitted, that at the common law, there were no costs allowed, as such, to the plaintiff, for the expenses of prosecuting his suit. And notwithstanding it is said, that the judges at the assizes used sometimes to compute the actual expenses of the plaintiff, and to give them to the jury, to be included in the damages, yet this was not always done, nor when done, was it obligatory upon the jury. It being thought exceedingly hard, as well as manifestly unjust, that the plaintiff should have no remuneration for the expenses necessarily paid out of his pocket in the recovery of his right, the statute 6 Edw. 1, commonly called the statute of Gloucester, altered the law in this respect, and provided that the plaintiff *200 should recover costs in all actions where damages were - recoverable.
These costs, thus given by the statute, were considered' as part, or one item, of the damages to be found by the jury, and at first were included with them in one aggregate sum. But inasmuch as it was difficult, in the hurry "of a trial, to collect and verify the items of-such costs, and to make up the amount; it was very soon established as a rule, that though the jury must necessarily find the damages, in all cases where the party was to recover damages, and though the costs then given by the statute were.a part of such damages, yet that these should be assessed separately, in order that the court might be enabled to tax them fairly, upon the inspection of the whole proceedings. Upon this rule, it became the practice of the jury, to find a mere nominal sum for costs, leaving it to the court to tax the real amount. This practice has continued down till this day, and yet still the costs are considered as part of the damages, being increased, or otherwise modified by the court, by the assent of the plaintiff. Go. Lit. 257. There is not one judgment for damages, and another for costs, but the damages found by the jury, and the costs as taxed by the court, being added together, there is judgment for the whole amount as damages. In order to get costs, therefore, it is essential that the jury (when the matter is tried by jury) should find damages, for in the judgment the costs are alwrays included in the damages, and made a part of them.
If the jury find neither damages nor costs, the verdict is imperfect, and cannot be supplied by writ of inquiry ; but upon releasing damages and costs, the plaintiff may have judgment. 2 Lil. Ab. 798.
If, where damages are given, the jury do not assess both damages and costs, the verdict is bad. Tr. per pais 259.
It is pretty clear then, that under the statute of Gloucester, where the jury did not find damages, there could be no judgment for costs.
This too, was obviously the view of the penman of our statute respecting costs, for it is thereby enacted, that if any person shall prosecute or sue any action, &c. and *201 shall by verdict or otherwise recover damages therein, he shall have judgment also to recover his costs, &c. placing his right to costs, expressly upon the recovery of damages.
If this were the verdict of a jury then, there would be no doubt. But here the parties have undertaken to withdraw their controversy from the Ordinary tribunals of justice, and have agreed to submit it, both as to law and fact, to a tribunal of their own choice, calling in the authority of this court to sanctify that agreement, and carry it into effect. Will this make any difference ?
Tt seems to have been pretty well settled, and indeed to be the plain dictate of common sense, that if parties having a controversy in court, shall make a settlement of it between themselves, in a private way, without taking any notice of costs, each party shall bear his own costs, and no recovery shall he had on either side. And whether they make such settlement themselves, or submit it to others to make it for them, can make no difference.
So far, therefore, as goes to the costs, in this case, accruing before the rale of reference, and while the proceedings were in invitum, and so far as goes to the purchasing and serving of subpoenas, and the fees and expenses of counsellors, attornies, and witnesses, in which each was answerable for himself, 1 think there can be no taxation.
But, inasmuch as these referees were chosen, appointed, and employed by the parties, mutually and jointly, to do this business, for their mutual benefit and the quieting of their respective possessions, the said parties, in my view, are bound to pay their equal proportions of the expense; necessarily incurred in the performance thereof; unless the referees should have otherwise ordered. And having made their agreement a rule of court, the court will see that it is carried into effect fairly and justly according to its true intent and meaning.
Therefore let there be a taxaiton of the costs of entering the rule of reference, of noticing and bringing together the referees, of their fees and expenses allowed by law, and of all the costs since the coming in of the report, and *202 let the defendant pay the one equal moiety thereof, but further.
Southard J. expressed no opinion in this case, having been of counsel with the defendant.